AM/INF
2012R01145

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 19-496 (SDW) |
| | : | |
| RICHARD BISHARA | : | 18 U.S.C. § 1349 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### The Conspiracy

1. From in or around 2010 through in or around 2015, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

RICHARD BISHARA,

did knowingly and intentionally conspire and agree with others known and unknown, to devise a scheme and artifice to defraud, and to obtain money and property from the victims by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

### Background

2. At all times relevant to the Information:

   a. Richard Bishara ("Bishara") and his co-conspirators (the "co-conspirators") jointly controlled and operated several moving

       companies ("the Target Companies") despite the fact that they were separate legal entities.

   b. Bishara owned several of the Target Companies. Co-conspirators owned the remaining Target Companies.

   c. The Target Companies were located in Clifton, New Jersey, and later in Moonachie, New Jersey ("the Moonachie office"). The Target Companies shared bank accounts, P.O. Boxes, employees, and the Moonachie office.

3. The federal regulations governing moving companies are set forth in 49 C.F.R. § 375. As relevant here, after a customer contacts a moving company, the company provides the customer with a "non-binding estimate" of moving cost pursuant to a telephonic or visual inventory of the goods to be moved. A non-binding estimate is not binding as the final charges are based upon the actual weight of the shipment, the services provided, and the tariff provisions in effect. However, the final price may not be increased to more than ten percent above the initial estimate. 49 CFR § 375.703(b).

**Object of the Conspiracy**

4. The object of the conspiracy was for Bishara and the co-conspirators to enrich themselves by creating the Target Companies and operating the Target Companies fraudulently.

## Manner and Means of the Conspiracy

5. As part of the conspiracy, Bishara knowingly was part of a scheme to inflate prices to the customers of the Target Companies.

6. The co-conspirators quoted customers "low-ball" price estimates for household goods moves and then raised prices on the date of the move after the goods were loaded and the customers were in vulnerable positions. The Target Companies consistently, over a number of years and hundreds of moves, raised final prices for moves above the amount that federal regulations allowed.

7. The co-conspirators concealed the overarching scheme by creating the various Target Companies—often registering through fictitious owners and listing fictitious headquarters' addresses—to avoid detection by law enforcement. Once customers made complaints against one of the Target Companies, that particular company was shut down, and the co-conspirators then transformed the company they were using into another moving company.

8. In furtherance of the scheme, a representative from one of the Target Companies contacted customers and provided a "low-ball" estimate for moving based on a telephonic inventory of the household goods conducted by the customer and the representative. The Target Companies then emailed an estimate to the customers and requested that the customer email back a signed estimate. In many instances, customers paid a deposit for the move via credit card.

9. During the agreed-upon move date range or after the date range had passed, employees of the Target Companies arrived at the customers' residences and began packing and loading the household goods. At various points in the loading process and often times after the household goods were completely loaded, representatives of the Target Companies falsely explained to the customers in person or over the telephone that there were more household goods than previously estimated and, therefore, that a significant amount of additional money was due (sometimes twice the amount of the initial estimate). Representatives of the Target Companies demanded that this money be paid in cash, postal money order, or cashier's check before they would deliver the household goods. This conduct violated the ten percent price-increase restriction outlined in 49 CFR § 375.703(b).

10. When customers called to complain about price increases and other issues, the co-conspirators fielded the calls. The co-conspirators often times kept the customer on hold for significant periods of time, disconnected the customer's call, argued with the customer, and/or transferred the customer's call to a manager, all in an attempt to avoid the customer's complaint.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

As a result of committing the conspiracy to commit the wire fraud offense charged in this Information, the defendant,

RICHARD BISHARA,

shall forfeit to the United States, pursuant to Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the violation of Title 18, United States Code, Section 1349 alleged in this Information.

## **SUBSTITUTE ASSETS PROVISION**

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

                                                  */s/ Craig Carpenito*
                                                 CRAIG CARPENITO
                                               United States Attorney

| CASE NUMBER: 19- | United States District Court District of New Jersey | UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD BISHARA | INFORMATION FOR<br><br>18 U.S.C. § 1349 | CRAIG CARPENITO<br>UNITED STATES ATTORNEY<br>NEWARK, NEW JERSEY<br><br>ANDREW MACURDY<br>ASSISTANT U.S. ATTORNEY<br>973-297-2020 |
|---|---|---|---|---|