

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street
Newark, New Jersey 07102

(973) 297-2020

June 5, 2019

Anthony Pope, Esq.
60 Park Place, Suite 703
Newark, New Jersey 07102

*Crim. No. 19-496 (SDW)*

Re: <u>Plea Agreement with Richard Bishara</u>

Dear Mr. Pope:

This letter sets forth the plea agreement between your client, Richard Bishara, and the United States Attorney for the District of New Jersey ("this Office"), and supersedes all previous offers. The Office's offer to enter into this plea agreement will expire on June 7, 2019, if a signed copy is not received by this Office on or before that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Richard Bishara to an Information charging him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Richard Bishara enters a guilty plea and is sentenced on this charge to a term of imprisonment between 14 and 27 months and 3 years' supervised release, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Richard Bishara for his conspiracy to commit wire fraud occurring from in or around 2010 through the time of Richard Bishara's arrest on or about December 6, 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Richard Bishara agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Richard Bishara may be commenced against him, notwithstanding the expiration of the limitations period after Richard Bishara signs the agreement.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to

their status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information relating to sentencing, and such information may be used by the Court in determining Richard Bishara's sentence. In the event that the Court defers a decision to accept the plea until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea.

Sentencing

The violation of 18 U.S.C. § 1349 to which Richard Bishara agrees to plead guilty carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Further, in addition to imposing any other penalty on Richard Bishara, the sentencing judge: (1) will order Richard Bishara to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Richard Bishara to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2); and (4) pursuant to 18 U.S.C. § 3583, may require Richard Bishara to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Richard Bishara be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Richard Bishara may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Richard Bishara agree that a sentence of imprisonment between 14 and 27 months and 3 years' supervised release is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, Richard Bishara will be sentenced to a term of imprisonment between 14 and 27 months and 3 years' supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663 et seq., Richard Bishara agrees to pay restitution in an amount to be determined

by the Court for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses. Restitution will be due immediately upon sentencing, but, at a minimum, shall be paid according to a plan established by the Court. Neither the existence of a restitution payment plan nor Richard Bishara's timely payment of restitution according to that plan will preclude the United States from immediate collection of the restitution.

Richard Bishara agrees that any funds paid towards restitution prior to sentencing will be held by the Clerk's Office for distribution upon the entry of a restitution order. Payment will be in the form of a check made payable to the "U.S. Treasury Department." Defendant agrees to execute a consent order authorizing the Clerk of the United States District Court for the District of New Jersey to deposit monies from or on behalf of the defendant in the Court's registry.

Richard Bishara further agrees that within ten (10) days of the execution of this plea agreement, he shall complete and submit the attached Financial Disclosure Statement provided by the United States (the "Financial Disclosure Statement"), along with all documents supporting his stated assets and liabilities. The defendant agrees to cooperate fully with Financial Litigation personnel of the Asset Recovery and Money Laundering Unit ("ARMLU") with respect to requests for additional information pertaining to the defendant's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning his assets and liabilities and her ability to pay restitution. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Richard Bishara by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Richard Bishara's activities and relevant conduct with respect to this case.

Stipulations

       This Office and Richard Bishara agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Richard Bishara from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

       As set forth in Schedule A, this Office and Richard Bishara agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Richard Bishara further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Richard Bishara agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in the Information. Richard Bishara further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Richard Bishara agrees that the amount of the Money Judgment will be determined by the Court prior to or at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Richard Bishara acknowledges that the Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to the offense in violation of 18 U.S.C. § 1349 charged in the Information, to which Richard Bishara is pleading guilty.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102  If not paying at or before plea: The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Richard Bishara waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the

- 5 -

forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Richard Bishara further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Richard Bishara fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Richard Bishara has intentionally failed to disclose assets on his Financial Disclosure Statement, Richard Bishara agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Richard Bishara understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Richard Bishara understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Richard Bishara wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Richard Bishara understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Richard Bishara waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Richard Bishara. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Richard Bishara.

No provision of this agreement shall preclude Richard Bishara from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Richard Bishara received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Richard Bishara and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: ANDREW MACURDY
Assistant U.S. Attorney

APPROVED:

MARY TOSCANO
Deputy Chief, Criminal Division

       I have received this letter from my attorney, Anthony Pope, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: June 6 2019
Richard Bishara

       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date:
Anthony Pope, Esq.

    I have received this letter from my attorney, Anthony Pope, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 6/6/19
Richard Bishara


    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 6/6/19
Anthony Pope, Esq.

<u>Plea Agreement with Richard Bishara</u>
<u>Schedule A</u>

1. This Office and Richard Bishara agree to stipulate to the following facts:

   a. From in or around 2010 through in or around 2015, Richard Bishara conspired with others to commit wire fraud through various moving companies ("the Moving Companies").

   b. Richard Bishara and his co-conspirators operated several of the Moving Companies jointly, though each of the Moving Companies had a distinct owner.

   c. Richard Bishara owned several of the Moving Companies. Co-conspirators owned the remaining Moving Companies.

   d. As part of the conspiracy, Richard Bishara knowingly was part of a scheme to inflate prices to the customers of the Moving Companies.

   e. Specifically, the Moving Companies quoted customers "low-ball" price estimates for moving household goods and then raised prices on the date of the move after the goods were loaded and the customers were in vulnerable positions.

   f. The Moving Companies also "puffed" up the volume of a customer's goods, thereby charging the customer for more goods than they actually had.

   g. During the course of the conspiracy, employees of the Moving Companies used wire communications that traveled in interstate commerce to execute the scheme.

   h. The parties do not stipulate to a particular loss amount. It is the Government's position that for the years 2013 and 2014, the aggregate difference between initial estimates and final prices to customers of the Moving Companies owned by Richard Bishara was between $550,000 and $1,500,000. It is the position of Richard Bishara that the loss amount is less than $550,000.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of

- 10 -

imprisonment between 14 and 27 months and 3 years' supervised release for the charge contained in the Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below 14 months' or above 27 months' imprisonment and 3 years' supervised release. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. Richard Bishara knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is between 14 and 27 months' imprisonment and 3 years' supervised release. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is between 14 and 27 months' imprisonment and 3 years' supervised release. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.